1  MELINDA HAAG (CABN 132612)
   United States Attorney
2  THOMAS MOORE (ALBN 4305-O78T)
   Assistant United States Attorney
3  Chief, Tax Division
            450 Golden Gate Avenue, Box 36055
4           San Francisco, California 94102-3495
            Telephone: (415) 436-7017
5           FAX: (415) 436-7009

6  Attorneys for the United States

7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11
   UNITED STATES OF AMERICA,         )    No. CV 12-04916 NC
12                                   )
          Plaintiff,                 )    (1) ORDER THAT CASE BE
13                                   )    REASSIGNED TO DISTRICT COURT
       v.                            )    JUDGE, AND (2) REPORT AND
14                                   )    RECOMMENDATION THAT
   KENT SATO,                        )    VERIFIED PETITION TO ENFORCE
15                     Defendant.    )    IRS SUMMONS BE GRANTED
                                     )
16

17        This matter came before the Court on November 14, 2012 at 10:00 a.m., upon the

18 Court's Order to Show Cause, dated October 1, 2012 (Doc. # 4), requiring Respondent

19 Kent Sato ("Respondent") to appear and show cause why Petitioner the United States of

20 America's ("United States'") Verified Petition to Enforce Internal Revenue Service

21 Summons, filed on September 1, 2012 (Doc. # 1) ("Petition"), should not be granted.

22 Respondent did not file any papers in response to the Order to Show Cause, and did not

23 appear at the hearing thereon.

24        Because Respondent has not consented to proceed before a Magistrate Judge, the

25 undersigned directs the Clerk of the Court to reassign this case to a District Court Judge.

26 In addition, having considered the moving papers and all other evidence of record, this

27 Court has prepared a Report and Recommendation as to the instant Petition, and hereby

28 recommends that the Petition be GRANTED.

BACKGROUND

According to the Petition, the IRS is conducting an investigation into the unpaid federal income tax liability of Respondent.  (Petition ¶¶ 3-4).  The United States asserts that Respondent has possession and control of records, documents and other information concerning the IRS's inquiry, as to which the IRS has no access, possession or control.  (Petition ¶ 6).  As part of its investigation, the IRS served a summons on Respondent by leaving a copy of the summons with Respondent's spouse at Respondent's last known address.  (Petition ¶ 7).  Respondent failed to appear at the time and place set forth in the summons.  (Petition ¶ 9).  When Respondent failed to appear, he was given another opportunity to appear and comply, but he failed to do so.  (Petition ¶¶ 10-11).  On September 20, 2012, the United States filed the Petition.  On October 1, 2012, this Court issued an Order to Show Cause, setting a hearing for November 14, 2012, at 10:00 a.m.  The United States has submitted evidence that the Petition and Order to Show Cause were served on Respondent on October 3, 2012.  (Doc. # 5).  Nevertheless, Respondent failed to submit any written response to the Order to Show Cause, and failed to appear at the December 6th hearing.  (Doc. # 6).

DISCUSSION

Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability.  Summons may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or . . . collecting any such liability."  26 U.S.C. § 7602(a); see also Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting 26 U.S.C. § 7602(a)).  To enforce a summons, the IRS must establish a prima facie case for enforcement by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue Code.  United States v. Powell, 379 U.S. 48, 57-58 (1964).  "'The government's burden is a slight one, and may be satisfied

by a declaration from the investigating agent that the Powell requirements have been met.'" Crystal, 172 F.3d at 1144 (quoting United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)).  "The burden is minimal 'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'" Id. (quoting Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir.1985)).

Once the government has met its burden in establishing the Powell elements, if the taxpayer chooses to challenge the enforcement, he bears a heavy burden to show an abuse of process or lack of good faith on the part of the IRS.  Indeed, "'[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses.'" Crystal, 172 F.3d at 1144 (quoting United States v. Den, 968 F.2d 943, 945 (9th Cir. 1992)).  "'The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose." Id. (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997)).  As explained by the
Ninth Circuit:

> The taxpayer may challenge the summons on any appropriate grounds, including failure to satisfy the Powell requirements or abuse of the court's process.  Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation.  In addition, it has become clear since Powell that gathering evidence after having decided to make a recommendation for prosecution would be an improper purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances.  While neither the Powell elements nor the LaSalle requirements is an exhaustive elaboration of what good faith means, still the dispositive question in each case is whether the Service is pursuing the authorized purposes in good faith.

Id. at 1144-45 (internal quotes and citations omitted).  While the government's burden is not great, it is not necessarily satisfied by an agent's mere assertion of relevance.  See United States v. Goldman, 637 F.2d 664, 667 (9th Cir. 1980).  Once a summons is challenged, it must be scrutinized by the court to determine whether it seeks information relevant to a legitimate investigative purpose, and the court may choose either to refuse enforcement or narrow the scope of the summons.  Id. at 668.

In the instant case, the United States has met its initial burden of showing that the

Powell elements have been satisfied through the verification of the Petition by Revenue Officer Nicholas Brunetti  (Doc. # 1, P. 4).  See Crystal, 172 F.3d at 1144 (finding that the special agent's declaration satisfied the Powell requirements and that the government therefore "established a prima facie case to enforce the summonses"); Dynavac, 6 F.3d at 1414 (stating that the government's burden "may be satisfied by a declaration from the investigating agent that the Powell requirements have been met."); United States v. Bell, 57 F. Supp. 2d 898, 906 (N.D. Cal. 1999) ("The government usually makes the requisite prima facie showing by affidavit of the agent.").

Here, the Petition indicates that the IRS's investigation is being conducted for the legitimate purpose of ascertaining Respondent's federal income tax liability for the year 2009, and the testimony and documents sought by the summons are likely relevant to that investigation. (Petition ¶¶ 3-4).  The Petition further indicates that the information requested is not already in the IRS's possession, (Petition ¶ 6), that all administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken, (Petition ¶ 12), and that there has been no referral for criminal prosecution of this matter. (Petition ¶13).

Although the record presented demonstrates that Respondent was duly served with notice of these proceedings, he failed to respond at all to the Petition or the Court's Order to Show Cause.  Accordingly, he has not met his burden of showing an abuse of process or lack of good faith on the part of the IRS, and this Court recommends that the verified petition to enforce the IRS summonses be GRANTED.

## RECOMMENDATION

Based on the foregoing, this Court recommends that the Petition be granted and that an order be issued enforcing the IRS summons and directing Respondent to fully obey the subject summons and each requirement thereof.

Any party may file objections to this Report and Recommendation with the District Court Judge within fourteen days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Civ. L.R. 72-3.

1  The United States is instructed to promptly serve a copy of this Report and
2  Recommendation on Respondent and to file a proof of service with the Court.

4  Dated December 18, 2012

                NATHANAEL COUSINS
                UNITED STATES MAGISTRATE JUDGE

                Respectfully submitted.

                MELINDA HAAG
                United States Attorney

                /s/ THOMAS MOORE
                Assistant United States Attorney
                Chief, Tax Division

                Attorneys for the United States of America